IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION


JEFFREY J. GOLDSMITH,                     §
                                          §
        Petitioner,                       §
                                          §
v.                                        §          2:05-CV-0081
                                          §
DOUGLAS DRETKE, Director,                 §
Texas Department of Criminal Justice,     §
Correctional Institutions Division,       §
                                          §
        Respondent.                       §


## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

        Petitioner JEFFREY J. GOLDSMITH has filed a Petition for a Writ of Habeas Corpus by

a Person in State Custody challenging his conviction for murder out of the 223rd Judicial District

Court of Gray County, Texas.  For the reasons hereinafter expressed, the Magistrate Judge is of

the opinion petitioner's application for federal habeas corpus relief should be DENIED.


I.
PROCEDURAL HISTORY

        On August 7, 2003, in Cause No. 6569, styled *The State of Texas vs. Jeffrey J. Goldsmith*,

petitioner was indicted for capital murder, *i.e.*, he, on May 28, 2003, "did then and there

intentionally cause the death of an individual, namely, Ethel Jean Goldsmith [his wife], by

striking the said Ethel Jean Goldsmith in the head with a bat, and the Defendant was then and

there in the course of committing or attempting to commit the offense of Kidnapping of Ethel

Jean Goldsmith." *Ex parte Goldsmith*, App. No. 60,429-01 at 80.  On March 24, 2004, pursuant

to a plea agreement, petitioner entered a guilty plea to the lesser included offense of murder and the trial court assessed petitioner's punishment at confinement for life in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID). *Id.* at 82. Petitioner did not appeal the conviction.

On September 7, 2004, petitioner filed a state application for a writ of habeas corpus challenging the instant conviction. *Ex parte Goldsmith*, App. No. 60,429-01 at 1. On November 10, 2004, the Texas Court of Criminal Appeals denied petitioner's application without written order. *Id.* at cover.

On March 10, 2005, petitioner filed the instant application for federal habeas relief with this Court.[1] On August 3, 2005, Respondent filed his answer.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1.  His attorney told him to plead guilty or face the death penalty;

2.  His attorney coerced his guilty plea;

3.  His attorney failed to investigate the case and did not present an insanity defense; and

4.  He shouldn't have listened to his attorney and he is innocent of first degree murder and should have been required to plead only to second degree murder.

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

III.
EXHAUSTION AND PROCEDURAL BAR

Respondent contends petitioner is procedurally barred from obtaining consideration and/or relief because he failed to exhaust his state court remedies with respect to the issues presented.  Specifically, respondent alleges petitioner failed to present the issues set forth above in his state habeas writ application.

The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases.  *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989).  The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.*  (brackets, internal quotation marks, and citations omitted).  To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts.  *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).  This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims.  *Picard v.*

*Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).  Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition.  *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983).  In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999).  Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 1999), or on direct appeal by a petition for discretionary review.

The basis of respondent's failure to exhaust argument is that petitioner failed to allege any violation of his federal constitutional rights in his state writ application thereby neglecting to afford the Texas Court of Criminal Appeals the opportunity to address the federal aspects of his allegations.  Respondent then argues this resulted in petitioner procedurally defaulting the issues and barring them from federal review.  Respondent cites *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) and argues because petitioner failed to cite any federal case law or precedent he has procedurally defaulted his claims.  For example, respondent claims petitioner did not exhaust his ineffective assistance of counsel claim that counsel coerced him into pleading guilty with the threat of the death penalty, a claim counsel has denied.  The Court need not reach the issue whether petitioner's claim that counsel was ineffective for coercing the guilty plea is unexhausted because petitioner failed to cite to the U.S. Constitution or to federal caselaw or,

conversely, whether the claim has been exhausted because the term ineffective assistance of

counsel, by definition, implicates a violation of a Sixth Amendment right because, as set forth

below, petitioner is not entitled to relief on the merits.

IV.
STANDARD OF REVIEW

This case was filed subsequent to the April 24, 1996 effective date of the Antiterrorism

and Effective Death Penalty Act of 1996 (AEDPA) so the standards of review set forth in the

AEDPA apply to this case.  *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138

L.Ed.2d 481 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997).  Consequently,

petitioner may not obtain relief in this Court with respect to any claim adjudicated on the merits

in the state court proceedings unless the adjudication of the claim:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable
>        application of, clearly established Federal law, as determined by the
>        Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of
>        the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Further, all factual determinations made by a state court shall be presumed

to be correct and such presumption can only be rebutted by clear and convincing evidence

presented by petitioner.  28 U.S.C. § 2254(e).

As noted above, petitioner filed a state habeas application in the Texas Court of

Criminals Appeals challenging his conviction in this cause on the same grounds raised herein.

The Texas Court of Criminal appeals denied such application without written order.  The ruling

of the Texas Court of Criminal Appeals constitutes an adjudication of petitioner's claims on the

merits. *See Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d

469, 472 (Tex.Crim.App. 1997); *see Neal v. Puckett*, 286 F.3d 230, 235-36 (5th Cir. 2002), *cert.*

*denied sub nom. Neal v. Epps*, 2003 WL 93321 (Jan. 13, 2003).  Further, given that section

2254(d) "places a new constraint" on federal habeas courts and demands greater deference to

state courts, petitioner cannot prevail even if it is shown that the state court's application of

"clearly established Federal law" is erroneous or incorrect.  Petitioner must also show the state

court's

application of clearly established federal law was objectively unreasonable or that the state court

made an unreasonable determination of the facts.  *Neal v. Puckett*, 286 F.3d at 235-36.  Since

petitioner has not made such a showing, he is not entitled to federal habeas corpus relief.


V.

MERITS OF PETITIONER'S ALLEGATIONS

Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally

unfair that the petitioner's constitutional rights were violated.  In determining whether an error

was so extreme or a trial so fundamentally unfair, this Court must review the putative error at

issue, looking at the totality of the circumstances surrounding the error for a violation of the

petitioner's constitutional rights.  Based upon a review of the state court records, petitioner's

federal application for a writ of habeas corpus, and respondent's answer to the application, it is

the opinion of the Magistrate Judge that petitioner has failed to show he is being unlawfully

detained in violation of the Constitution and laws of the United States.


A.

Grounds 1and 2

Ineffective Assistance of Counsel and the Guilty Plea

In his grounds 1and 2, petitioner has alleged as follows:

Ground 1 - Led Applicant to Believe that he had no Alternative but to Plea Guilty
or be Subject to Death Penalty

I asked my lawyer on the phone what he thought I should do, all he would say is,
if he brings back the capital murder you will face 40 years instead of 30 years
before you could parole!  or the death penalty, at first he wanted to fight for jury
trial but give up 3 day prior to pretrial!

Ground 2 - Coersed (sic) Applicant to Plead Guilty

About 3 days before my preliminary hering (sic) to determine whether or not I
was charged properly my lawyer calls me & says that the DA could bring back
the death penalty (sic) at my pretrial & advised me to plea to the DA's offer of
life!

Habeas Petition at 7.  Petitioner's first two grounds are claims of ineffective assistance of

counsel and are very similar if not identical.  Petitioner alleges counsel coerced his guilty plea by

informing petitioner that the district attorney (DA) could pursue the death penalty.  The factual

basis of these claims of ineffective assistance of counsel were presented in *Ex parte Goldsmith*,

App. No. 60,429-01.  Since the first state habeas petition was denied without written order, said

denial constitutes an adjudication on the merits.  *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir.

1999).

The Fifth Circuit has set out the standard governing ineffective assistance of counsel

claims, both generally and with respect to the guilty plea process.  In order to obtain habeas

corpus relief on the grounds of ineffective assistance of counsel, a petitioner must demonstrate

not only that his counsel's performance was deficient, but also that the deficient performance

prejudiced the defense.  *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80

L.Ed.2d 674 (1984).  To demonstrate deficiency, the petitioner must show his counsel's actions

"fell below an objective standard of reasonableness."  *Id.* at 668, 104 S.Ct. at 2064.  To

demonstrate prejudice, he must show that a "reasonable probability" exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

This same two-part standard applies to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Petitioner, therefore, has the burden of proof and of persuasion to establish that a reasonable probability exists that but for his counsel's alleged failure to inform he "would not have pleaded guilty and would have insisted on going to trial." *See Czere v. Butler*, 833 F.2d 59, 63 (5th Cir. 1987) (quoting *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987).

A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. It must also strongly presume that counsel exercised reasonable professional judgment. *Id.; Lockhart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. denied*, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987) (citing *Ricalday v. Procunier*, 736 F.2d 203, 206 (5th Cir. 1984)). "[S]econd-guessing is not the test for ineffective assistance of counsel." *King v. Lynaugh*, 868 F.2d 1400, 1405 (5th Cir.), *cert. denied*, 489 U.S. 1099, 109 S.Ct. 1576, 103 L.Ed.2d 942 (1989).

Similarly, if a defendant pleads guilty on the advice of counsel and later attempts to attack that plea on voluntariness grounds, he must demonstrate that the advice of counsel was not "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). The focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea. *Tollett v.*

*Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).  Any petitioner pleading

guilty who thereafter wishes to challenge the effectiveness of counsel's assistance, is limited to

whether the plea was voluntary, that is, whether the defendant understood the charges against

him as well as the consequences of his plea.  *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.), *cert.*

*denied sub nom. Smith v. McKaskle*, 466 U.S. 906, 104 S.Ct. 1685, 80 L.Ed.2d 159 (1984).  In

the context of a guilty plea, the knowing requirement that petitioner understand the consequences

of such plea means that he understand the maximum prison term and fine for the offense(s)

charged.  *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir.), *cert. denied sub nom. Ables v. Johnson*,

517 U.S. 1198, 116 S.Ct. 1696, 134 L.Ed.2d 795 (1996).  Petitioner thus carries the burden to

show counsel erred in advising him and that but for such error, he would have insisted on going

to trial.  *Hill*, 474 U.S. at 59, 106 S.Ct. at 370.

        Petitioner has not provided sufficient facts to entitle him to federal habeas relief.

Petitioner has not provided this Court with any basis whatsoever to support his contention that he

was threatened with the death penalty and coerced into pleading guilty other than his conclusory,

self-serving statements.  During the state habeas proceedings, petitioner's trial counsel was

ordered to submit an affidavit in which he stated,

>       Applicant was indicted for capital murder on August 7, 2003.  The indictment
> alleged that the murder was committed in the course of committing or attempting
> to commit kidnapping.  On September 16, 2003 I filed a Motion to Require the
> State to Give Notice of Any Intent to Seek the Death Penalty.  The State filed its
> Notice of its Intention not to Seek the Death Penalty on September 17, 2003.
>
>       The District Attorney offered to recommend a life sentence if the Applicant plead
> to a capital murder indictment.  I advised Applicant that a plea to the capital
> murder indictment for a life sentence would require he serve 40 calendar years
> before becoming eligible for parole.  Further, that if he accepted the State's plea
> bargain offer and pled to the lesser included offense of first degree murder for a
> life sentence, he would become eligible for parole after serving 30 years with no

credit for good time because of the use of a deadly weapon.

We also considered pleading not guilty to the capital murder indictment on the possibility that the Court as a matter of law or the jury in its fact finding capacity would find that the evidence was not sufficient to prove beyond a reasonable doubt that the killing was in the act of kidnapping. Applicant understood that there was a good likelihood that even if he was not convicted of capital murder, it was probable that he would be convicted of the lesser included offense of first degree murder. Nevertheless, he could then leave the issue of punishment to the jury in the hopes that it would find that he caused the death under the immediate influence of sudden passion arising from an adequate cause so that the jury could punish only for a second degree felony.

I thoroughly reviewed the contents of the autopsy report, incident report and lab reports with Applicant and talked with the investigating officers including Texas Ranger Gary Henderson who took a video confession from Applicant. I advised Applicant that his conduct preceding and following the death of his wife would detract from a theory of sudden impulse because that conduct indicated premeditation and planning. In addition, the autopsy report and photographs depicted multiple stab wounds as well as blunt force trauma that could have been inflicted by the aluminum baseball bat the State alleged caused the injuries. I advised the Applicant that the number and nature of the wounds, considered with the time period over which the assault took place, was evidence from which the jury would conclude that the killing was not an act of impulse or passion.

My conclusion was that the evidence of guilt was compelling at least to first degree murder and it would be advisable to accept the State's plea bargain offer in the hopes of saving Applicant at least ten years confinement. The District Attorney would not agree to reduce the capital murder indictment if Applicant choose (sic) to go to the jury on the issue of punishment on a plea of first degree murder.

I spent a considerable amount of time explaining all these matters to Applicant and asked him to think them over carefully and let me know as soon as possible his decision. On March 16, 2004 Applicant advised that he wanted to accept the State's plea bargain offer. For the first time he appeared remorseful and confided in me that he was a born again Christian and that his newly acquired spiritual rejuvenation required him to accept punishment for the killing of his wife. I followed this meeting up with a letter to the District Attorney accepting the plea bargain offer on behalf of Applicant. On March 18, 2004 Applicant asked that I pick up his written statement that he wanted to address the family and the community. He asked that I correct it for punctuation but didn't want any of the wording changed.

> Neither I nor anyone else to my knowledge ever threatened [petitioner] with a death sentence in the event he chose not to accept the plea bargain offer. I did tell Applicant that friends, relatives and residents of Gray County had signed a request for the District Attorney to seek the death penalty. I did not tell Applicant that he must accept a plea to capital murder or face the death penalty. In fact, Applicant pleaded guilty to first degree murder - - not capital murder.
>
> I discussed with Applicant the possibility of filing a motion for change in venue but the pretrial publicity had not been unduly inflammatory or exaggerated. I advised Applicant that the Court could in all probability deny the motion but would consider a change of venue if voir dire indicated the need.
>
> I believe the plea was both voluntary and intelligently made and was the ultimate decision of Applicant. I allowed him to make the decision whether to plead guilty and waive a jury or to appeal.

*Ex parte Goldsmith,* App. No. 60, 429-01 at 21-22.

Petitioner has put forth no evidence illustrating how his attorney failed to give effective assistance, has not shown trial counsel misadvised him, and has not demonstrated counsel did not render reasonably competent advice. Petitioner has failed to establish he did not enter his plea knowingly and voluntarily. *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Petitioner entered a guilty plea and was admonished by the trial court of the consequences of the plea. *Ex parte Goldsmith*, App. No. 60,429-01 at 83. The trial court determined such plea was not influenced by any consideration of fear or by any persuasion prompting a guilty plea. *Id.* "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L.Ed.2d 136 (1997). Further, the state appellate court found this judicial confession to be sufficient evidence to support petitioner's guilty plea. This finding has not been shown to be unreasonable under the standards set forth above. Under Texas law, a judicial confession, standing alone, is sufficient to sustain a conviction on a guilty plea, *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex.Crim.App. 1980).

Petitioner has not met his burden to show entitlement to any habeas corpus relief. Petitioner's trial counsel disputes the allegation he threatened petitioner with the death penalty to get him to plead guilty.  Trial counsel has sworn to such testimony by way of affidavit and the state habeas court, after considering such testimony, ruled against petitioner.  The state court ruling is considered to be on the merits and all factual determinations made by a state court shall be presumed to be correct unless rebutted by clear and convincing evidence presented by petitioner.  Petitioner has not presented evidence sufficient to overcome the presumption of correctness in the state court decision.

For the reasons set forth above, it is the opinion of the Magistrate Judge that petitioner's assertions that his guilty plea was not knowingly entered and that he was denied his 6th Amendment right to effective assistance of counsel are without merit and should be DENIED.

B.
Ground 3
Counsel's Failure to Properly Investigate or Present an Insanity Defense

In his third ground, petitioner alleges he received ineffective assistance of counsel because counsel failed to investigate or present an insanity defense.  Specifically, petitioner alleges, "I had resently (sic) started taking 3 diffrent (sic) antidepressants by a medical doctor Prozac, Effexor & Zoloft one right after the other in a 3 week period or so[.]  The Zoloft made me react aggressive to the situation, my lawyer said no use & give up!"  Habeas Petition at 7. According to his affidavit, petitioner's counsel was of the opinion petitioner should be examined by a mental health expert.  In his affidavit trial counsel stated,

> Applicant's appearance, demeanor and manner of speaking suggested that an examination by a mental health expert regarding regarding (sic) his competency to stand trial and sanity at the time of the offense [was warranted].  This is my standard procedure in any capital murder case but in this case it seemed

particularly appropriate.  The evaluation was made by Dr. Steven C. Schneider
and his opinion was that Applicant was both competent to stand trial and sane at
the time of the offense.

*Ex parte Goldsmith*, App. No. 60,429-01 at 20.  A seven (7) page Confidential Psychological

Evaluation as well as a two (2) page Addendum thereto are contained in the state habeas records.

*Id*. at 26-34.  The evaluation is consistent with trial counsel's affidavit and reflects the doctor's

opinion that petitioner, "...has the intellectual capacity to have a rational or a factual

understanding of the proceedings against him and was able to verbalize his understanding.  He

appears to have the capacity to competently participate in his defense should he choose to do

so." *Id*. at 34.

　　As set forth above, petitioner pleaded guilty in this case and thus he has waived his Sixth

Amendment claims of effective assistance of counsel except those related to the voluntariness of

his plea.  Moreover, petitioner has failed to show the psychiatric report was unreliable or that he

was prejudiced.  Assuming counsel should have ordered another psychiatric examination,

petitioner has not shown that the result of the examination would be he was incompetent to stand

trial or would differ in any way from Dr. Schneider's evaluation.  Petitioner has not

demonstrated how he was prejudiced and has failed to meet his burden under *Strickland*.

Petitioner has failed to demonstrate the decision of the Court of Criminal Appeals denying

habeas relief on this issue was unreasonable.  For these reasons, petitioner's claim must fail.

C.
Ground 4
Erroneous Advise to Applicant

　　In his final claim, petitioner states, "I know if I would not of (sic) listened to my lawyer, I

would have gotten a fraction of the time!  I would have needed a diffrent (sic) attorney!  I am

only innocent of 1st degree murder NOT the crime altogeather (sic), 2nd degree murder is justified!" Habeas Petition at 8.  To the extent petitioner is arguing he is actually innocent of the crime of first degree murder, and is instead guilty of only second degree murder, his claim is without merit.  A claim of actual innocence, standing alone, is not cognizable on federal habeas review. *Dowthitt v. Johnson,* 230 F.3d 733, 741 (5th Cir. 2000); *Graham v. Johnson,* 168 F.3d 762, 788 (5th Cir. 1999); *Lucas v. Johnson,* 132 F.3d 1069, 1075 (5th Cir. 1998).  To the extent petitioner alleges he received ineffective assistance of counsel because if he had not listened to his attorney, and pleaded to first degree murder, he would have received a lighter sentence, such claim is speculative and is without merit for the reasons outlined *supra* in subparagraph A. Petitioner's claim must fail.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JEFFREY J. GOLDSMITH be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 22nd day of August 2006.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).